264 N.J. Super. 295 (1993)
624 A.2d 623
CLARA SMALLWOOD AND JOHN SMALLWOOD, PLAINTIFFS-APPELLANTS,
v.
ERIC I. MITCHELL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 16, 1993.
Decided May 12, 1993.
*296 Before PRESSLER, MUIR and KESTIN, JJ.
Gary D. Ginsberg, attorney for appellants (Brian P. O'Connor, on the brief).
Jay A. Gebauer, attorney for respondent (Mr. Gebauer, on the brief).
The opinion of the court was delivered by KESTIN, J.A.D.
*297 Clara Smallwood sued for personal injury arising from the alleged professional negligence of defendant physician. John Smallwood sued per quod and for out-of-pocket expenses. It was plaintiffs' contention that Mrs. Smallwood had suffered injury to her sciatic nerve as a result of Dr. Mitchell's negligence during hip replacement surgery.
The case was tried to a jury which found no cause for action. Plaintiffs appealed contending that the trial judge erred in declining to charge res ipsa loquitur as requested. We affirm.
The seminal case of Buckelew v. Grossbard, 87 N.J. 512, 435 A.2d 1150 (1981), confirmed the use of res ipsa loquitur in medical malpractice cases. Under that doctrine, an inference of negligence is permitted
where (a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect.

Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 269, 139 A.2d 404 (1958).
The general rationale justifying the application of res ipsa loquitur was seen to be applicable in medical malpractice cases:

Res ipsa loquitur is grounded in probability and the sound procedural policy of placing the duty of producing evidence on the party who has superior knowledge or opportunity for explanation of the causative circumstances.

Buckelew v. Grossbard, supra, 87 N.J. at 526, 435 A.2d 1150.
Expert testimony is required in a medical malpractice case by way of satisfying the first element of the doctrine that "the occurrence itself ordinarily bespeaks negligence." In an ordinary personal injury case, this element reflects "common knowledge." In Buckelew, the Supreme Court recognized that in a medical malpractice case common knowledge within the medical community was as valid a basis for an inference of negligence with respect to medical procedures as was common knowledge in the wider community concerning day-to-day occurrences. It was clear, however, that this specialized brand of common knowledge could not be a basis for jury consideration without expert testimony.
*298 The decision in Buckelew was not an invitation to a broader use of res ipsa loquitur in medical malpractice cases than occurs in ordinary negligence matters. Res ipsa loquitur is a doctrine fashioned for limited application in special situations. See Goodyear Tire & Rubber v. Hughes Supply, Inc., 358 So.2d 1339, 1341 (Fla. 1978). It is not meant to be applied in every situation in which a medical procedure has an untoward result with an unknown cause. Rather, in the Supreme Court's terms, the expert testimony introduced to satisfy the first element of the doctrine must be
to the effect that the medical community recognizes that an event does not ordinarily occur in the absence of negligence....

Buckelew v. Grossbard, supra, 87 N.J. at 527, 435 A.2d 1150.
This orientation is especially useful in the type of case presented here, where there is evidence that the type of untoward result experienced by the plaintiff occurs in a small percentage of cases with no known cause. The first element of the res ipsa loquitur doctrine is not satisfied with testimony from plaintiff's expert that in his or her opinion the result does not occur unless the surgeon was negligent; rather the required basis for res ipsa loquitur application is that the medical community recognizes that such a result does not occur in the absence of negligence. In this matter, the plaintiffs' expert stated his opinion that defendant had been negligent in several respects, but he did not opine concerning the view of the medical profession regarding this type of result from the surgical procedure undertaken.
This is not to say that the opinion of plaintiff's expert was not an adequate basis upon which the question of negligence could be submitted to the jury as it was. We merely hold that the type of opinion offered here was not an adequate basis for the invocation of the res ipsa loquitur doctrine as a means of placing the negligence issue before the jury.
We emphasize in this regard that the res ipsa loquitur doctrine does not bespeak an independent cause of action. It does not create liability. It is a device, sometimes described as embodying a rule of evidence, see Kahalili v. Rosecliff Realty, Inc., *299 26 N.J. 595, 605, 141 A.2d 301 (1958), the sole purpose of which is to place the issue of negligence before the jury in special situations where there is no direct evidence of negligence but where common experience suggests that the cause of the injury does not occur except as a result of negligent conduct. Id. at 606-07, 141 A.2d 301. Here, the question of negligence was squarely before the jury with appropriate expert testimony addressing the issue. The jury simply rejected plaintiff's thesis that defendant had been professionally negligent.
Affirmed.