757 A.2d 310

WILLIAM HEMMEN, PLAINTIFF–APPELLANT, v. ATLANTIC CITY MEDICAL CENTER, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 30, 2000—Decided June 16, 2000.

Before Judges HAVEY, A.A. RODRÍGUEZ and COLLESTER.

*Mutchko & Sheppard,* attorneys for appellant (*Jeff Sheppard,* on the brief).

*Fox Rothschild, O'Brien & Frankel,* attorneys for respondent (*Stephen Funk,* on the brief).

The opinion of the court was delivered by

RODRÍGUEZ, A.A., J.A.D.

William Hemmen appeals from a grant of summary judgment dismissing his complaint for medical malpractice against the Atlantic City Medical Center (ACMC). We affirm concluding, as did the trial judge, that Hemmen's medical malpractice expert, Steven M. Lomazow, M.D., a neurologist, has failed to provided medical support for his opinion that the ACMC deviated from accepted standards of medical practice in treating Hemmen.

At the outset, we note a deficiency which unnecessarily burdened our appellate review. Hemmen's index to his appendix does not "indicate the initial page of each document, exhibit or other paper included." *R.* 2:6–1(c). The rule requires that, "attachments to a document by way of affidavit, exhibits or otherwise shall each be separately identified in the table of contents and the initial page of each such attachment noted therein." *Ibid.*

Hemmen's claim arose in the following context. On January 19, 1996, he received an intramuscular injection in his left buttock to relieve chronic pancreatitis. Upon receiving the injection, Hem-

men experienced the immediate onset of discomfort. Subsequently, he developed a condition known as "footdrop."

As a result, he sued the ACMC. Dr. Lomazow submitted a report on October 15, 1998, which opined that the sciatic neuropathy that led to Hemmen's footdrop condition was "a direct consequence of the injection." He also opined that,

the subsequent development of a sciatic neuropathy secondary to a intra-muscular injection in the buttocks represents a deviation from the accepted standards of practice. The buttock is a common site of injection and physicians and nurses are regularly educated in the avoidance of the sciatic nerve in giving an intra-muscular injection in the buttocks. I do not see any evidence or reports refuting the relationship between the aforementioned injection and the sciatic neuropathy.

The ACMC moved to bar Dr. Lomazow's testimony because he had rendered a "net opinion." Judge George I. Seltzer denied the motion without prejudice. Hemmen submitted a new report prepared by Dr. Lomazow and dated June 8, 1999. Dr. Lomazow's second report cited a number of textual sources supporting the proposition that there is a medically recognized and documented relationship between intramuscular injections and sciatic nerve injury.

The ACMC renewed its motion for summary judgment. This time, Judge Seltzer granted the motion and dismissed the complaint.

On appeal, Hemmen contends that: (1) the judge erred in concluding that Lomazow's report was a net opinion; (2) the doctrine of *res ipsa loquitur* applies to this cause of action; and (3) plaintiff produced competent medical evidence to satisfy the requirements of *res ipsa.*

We affirm substantially for the reasons expressed by Judge Seltzer in his June 1, 1999 written opinion and his July 9, 1999 written opinion reported at *Hemmen v. Atlantic City Medical Center,* 334 *N.J.Super.* 274, 758 *A.*2d 1145 (Law Div.1999).

Affirmed.