**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2709-19

DIANE R. REINHARDT,

    Plaintiff-Appellant,

v.

STEVEN L. RASNER, DMD,

    Defendant-Respondent.

_____

> Argued August 2, 2021 – Decided August 16, 2021
>
> Before Judges Mayer and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0282-19.
>
> Vincent J. Pancari argued the cause for appellant (Capizola Pancari Lapham & Fralinger, attorneys; Vincent J. Pancari, on the brief).
>
> James E. Drake argued the cause for respondent (Drake Law Firm, PC, attorneys; James E. Drake, on the brief).

PER CURIAM

Plaintiff Diane R. Reinhardt appeals from a February 14, 2020 order granting a motion for reconsideration on behalf of defendant Steven L. Rasner, D.M.D. and dismissing her complaint with prejudice for failure to provide an affidavit of merit (AOM). Defendant sought reconsideration of a December 20, 2019 order denying his motion for summary judgment based on the motion judge finding an AOM unnecessary for plaintiff to pursue her claims. We affirm dismissal of plaintiff's complaint for failure to provide an AOM.

The facts are undisputed. Plaintiff went to defendant's dental office for a tooth extraction. During the extraction, a "fisher bur 25 mm" flew off a dental drill and became lodged in plaintiff's left maxillary sinus. Plaintiff required an operative procedure to remove the fisher bur.

Plaintiff filed a complaint against defendant alleging negligence and dental malpractice. Defendant served plaintiff with a demand for an AOM in accordance with the Affidavit of Merit statute, N.J.S.A. 2A:53A-26 to -29. Plaintiff's counsel replied an AOM was not required under the facts of the case. Defendant responded a motion for summary judgment would be filed if plaintiff declined to submit an AOM.[1]

---

[1] A plaintiff aware of the AOM requirement is free to conclude an AOM is unnecessary. However, if that conclusion is incorrect and the required time

Plaintiff did not file an AOM, and defendant moved for summary judgment. In a December 20, 2019 order, the motion judge held an AOM was not required because the common knowledge doctrine applied. In denying defendant's motion, the judge explained a jury, applying common knowledge, could determine the duty owed to plaintiff by defendant.

Roughly two weeks later, defendant filed a motion for reconsideration. As part of the reconsideration application, defendant submitted an expert report from Joseph A. Battaglia, D.M.D. Dr. Battaglia opined surgical tooth extractions presented recognized risks, explaining "complications with dental equipment and instruments can and do occur in the absence of negligence. Dental burs can and do break for unknown reasons." Dr. Battaglia described the particular dental drill used for plaintiff's tooth extraction and the safety mechanisms designed to prevent unanticipated dislodgment of the bur. He concluded defendant's treatment of plaintiff and use of the dental drill met the requisite standard of care in the dentistry field.

After reconsidering the matter and reviewing the defense expert report, the motion judge granted summary judgment to defendant based on the lack of

---

period for filing the AOM has lapsed, the complaint must be dismissed. Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 423 (2010).

an AOM. The judge explained why she was "wrong the first time" in denying defendant's motion. She deemed her original decision erroneous because she "inserted a cause of action in the complaint that did not exist and relied upon the possibility of proving that cause of action" in denying defendant's original summary judgment motion.

On reconsideration, the judge noted plaintiff pleaded a cause of action for medical malpractice and failed to assert a cause of action for "careless maintenance" or "any other non-medical malpractice theory of negligence." Because plaintiff claimed defendant, "acting as a licensed dentist failed to comply with the standard of care in his provision of medical treatment[,]" the judge determined the statute required the filing of an AOM. See N.J.S.A. 2A:53A-27.

The judge recognized plaintiff's case was "not similar to the line of cases where common knowledge has been applied in medical malpractice cases[,]" such as a "sponge left in a body" or "extraction of the wrong tooth . . . ." The judge further reasoned "the existence of a poor outcome doesn't necessarily equate with negligence." In reviewing the defense expert report, the judge stated:

> [T]he bur[] can become dislodged for various reasons. [The report] describes the mechanism of the drill. And

it's somewhat complex and would not be known to an average juror without some explanation from an expert about how it operated. . . . [A] juror simply would not know how [defendant] should have operated the drill.

So, if the jury can't set forth the standard of care, then that means the common knowledge doctrine does not apply. And, therefore, the plaintiff has to submit an affidavit of merit.

On appeal, plaintiff contends the judge erred in granting reconsideration and concluding she required an AOM to pursue her claim against defendant. We disagree.

"[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Where the order sought to be reconsidered is interlocutory, as in this case, Rule 4:42-2 governs the motion. Reconsideration under this rule offers a "far more liberal approach" than Rule 4:49-2 governing reconsideration of a final order. Lawson v. Dewar, __ N.J. Super. ___, ___ (App. Div. 2021) (slip op. at 2). Interlocutory orders "shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice." R. 4:42-2.

Here, the judge, exercising sound discretion in the interest of justice, acknowledged she erred in denying defendant's initial motion for summary

judgment because the decision reflected plaintiff's ability to prove a cause of action not alleged in the complaint. The judge also considered the defense expert report in support of the reconsideration motion and determined a jury required expert testimony to assess the claims asserted by plaintiff. We are satisfied the judge's decision to reconsider the December 20, 2019 order denying defendant's motion for summary judgment was not an abuse of discretion.

We next consider the judge's decision to grant summary judgment to defendant. We review grants of summary judgment de novo applying the same standard as the trial court. Lee v. Brown, 232 N.J. 114, 126 (2018). Summary judgment will be granted if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Conley v. Guerrero, 228 N.J. 339, 346 (2017) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)); R. 4:46-2(c).

Whether a complaint is exempt from the AOM requirement is a legal issue subject to our de novo review. Triarsi v. BSC Grp. Servs., LLC, 422 N.J. Super. 104, 113 (App. Div. 2011). Case law establishes a high bar for application of exceptions to the AOM requirement. See Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 151 (2003). Exceptions to the AOM requirement must

be construed "narrowly in order to avoid non-compliance with the statute." Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 397 (2001).

The AOM statute requires a plaintiff filing a complaint against a licensed professional to have the case evaluated by an appropriately licensed person who will attest, under oath, "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A-27. The AOM statute "require[s] plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious . . . ." Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg Ellers, LLP, 416 N.J. Super. 1, 14 (App. Div. 2010) (quoting In re Hall, 147 N.J. 379, 391 (1997)).

There are some exceptions to the AOM requirement in professional negligence cases. See Hubbard, 168 N.J. at 393-94. One such exception is the common knowledge doctrine. In cases applying the common knowledge exception to the AOM requirement, the alleged negligence is unrelated to technical matters particularly within the knowledge of practitioners in the defendant's field. Sanzari v. Rosenfeld, 34 N.J. 128, 142 (1961).

The common knowledge "doctrine applies where 'jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts.'" Hubbard, 168 N.J. at 394 (quoting Estate of Chin ex rel. Chin v. St. Barnabas Med. Ctr., 160 N.J. 454, 469 (1999)). In common knowledge cases, a jury is permitted to supply the applicable standard of care "from its fund of common knowledge" and assess "the feasibility of possible precautions which the defendant might have taken to avoid injury to the plaintiff." Sanzari, 34 N.J. at 142.

To invoke the common knowledge exception, the "carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." Estate of Chin, 160 N.J. at 469-70 (quoting Rosenberg ex rel. Rosenberg v. Cahill, 99 N.J. 318, 325 (1985)). As stated by our Supreme Court in considering the common knowledge exception to the AOM requirement, "[t]he test of need of expert testimony is whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable." Cowley v. Virtua Health Sys., 242 N.J. 1, 19 (2020) (citing Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)). "[T]he exception is properly invoked only when 'jurors

are competent to assess simple negligence occurring . . . without expert testimony to establish the standard of ordinary care.'" Id. at 19-20 (citing Nowacki v. Cmty. Med. Ctr., 279 N.J. Super. 276, 292 (App. Div. 1995)).

Examples of cases applying the common knowledge doctrine exception include extracting the wrong tooth, Hubbard, 168 N.J. at 396, pumping gas instead of fluid into a patient's uterus, Estate of Chin, 160 N.J. at 471, filling a prescription with medication other than the drug prescribed, Bender v. Walgreen E. Co., 399 N.J. Super. 584, 590-91 (App. Div. 2008), and using a caustic solution rather than soothing medication post-surgery, Becker v. Eisenstodt, 60 N.J. Super. 240, 242-46 (App. Div. 1960). Cases applying the common knowledge exception "involve obvious or extreme error." Cowley, 456 N.J. Super. at 290 (citing Bender, 399 N.J. Super. at 590).

In determining whether a matter alleges professional negligence requiring an AOM or ordinary negligence falling within the common knowledge exception, the trial court must scrutinize the legal claims alleged in the pleading. See Couri v. Gardner, 173 N.J. 328, 340-41 (2002). "If jurors, using ordinary understanding and experience and without the assistance of an expert, can determine whether a defendant has been negligent, the threshold of merit should be readily apparent from a reading of the plaintiff's complaint." Hubbard, 168

A-2709-19

N.J. at 395. A judge must consider "whether a claim's underlying factual allegations require proof of a deviation from a professional standard of care," or ordinary negligence, because the former requires an AOM. Couri, 173 N.J. at 341.

An AOM is also unnecessary in ordinary negligence actions against a licensed professional under the doctrine of res ipsa loquitor. See Palanque v. Lambert-Woolley, 168 N.J. 398, 406 (2001). In ordinary negligence cases, "defendant's careless acts are quite obvious, [and] a plaintiff need not present expert testimony at trial to establish the standard of care." Ibid. (citing Estate of Chin, 160 N.J. at 469-70). In seeking such an exception to the AOM requirement, a plaintiff must assert "the injury to the plaintiff would not have occurred in the absence of the defendant's negligence." Sanzari, 34 N.J. at 140. Under the res ipsa doctrine, negligence may be inferred "where (a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there [was] no indication in the circumstances that the injury was the result of plaintiff's own voluntary act or neglect.'" Buckelew v. Grossbard, 87 N.J. 512, 525 (1981) (quoting Bornstein v. Metro. Bottling Co., 26 N.J. 263, 269 (1958)). No expert testimony is

A-2709-19

required where defendant's conduct bespeaks negligence. Sanzari, 34 N.J. at 134.

Here, the common knowledge and ordinary negligence exceptions are inapplicable to the facts, and plaintiff required an AOM to pursue her claims.

The common knowledge doctrine did not apply because plaintiff's allegations in her complaint addressed defendant's deviations from accepted standards of care. If "proof of a deviation from the professional standard of care for [the] specific profession . . . is required, an [AOM] shall be mandatory for that claim . . . . " Couri, 173 N.J. at 341.

Nor was this a case involving ordinary negligence because the situation involved "technical matters peculiarly within the knowledge of medical or dental practitioners." Estate of Chin, 160 N.J. at 470 (quoting Sanzari, 34 N.J. at 142). The operation of a dental drill is beyond the average juror's common knowledge. Jurors cannot readily assess what precautions, if any, defendant could have taken to avoid the bit dislodging from the dental drill. As stated by our Supreme Court:

> In the ordinary dental . . . malpractice case, . . . the jury is not competent to supply the standard by which to measure the defendant's conduct. Since it has not the technical training necessary to determine the applicable standard of care, it cannot, without more, form a valid judgment as to whether the defendant's conduct was

11

unreasonable under the circumstances. Therefore, ordinarily when a physician or dentist is charged with negligence in the treatment of a patient, the standard of practice to which he failed to adhere must be established by expert testimony.

[Sanzari, 34 N.J. at 134-35.]

The fact that a bit dislodged from the dental drill during a tooth extraction, without more, does not bespeak negligence. Surgical procedures present risks to a patient even in the absence of negligence. Thus, plaintiff was required to present expert testimony supporting the dislocation of the bit from the dental drill would not have occurred in the absence of negligence. See Smallwood v. Mitchell, 264 N.J. Super. 295, 298 (App. Div. 1993).

The facts of this case do not fall within the noted exceptions to the AOM requirement. A dental drill is a complex piece of dental equipment. An injury resulting from a bit dislodging from a dental drill is a complication that may occur in the absence of negligence. Plaintiff failed to identify any act or omission by defendant causing the bit to dislodge from the drill. Absent such evidence, a jury may not rely on the common knowledge doctrine or ordinary negligence, and the judge correctly granted summary judgment based on plaintiff's failure to provide the required AOM.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2709-19