**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1082-19T3

RICHARD GREISBERG,

       Plaintiff-Appellant,

v.

MICHAEL OMBRELLINO, M.D.,

       Defendant-Respondent.

_____

       Submitted October 26, 2020 – Decided November 16, 2020

       Before Judges Fasciale and Susswein.

       On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0921-19.

       Richard Greisberg, appellant pro se.

       Giblin, Combs, Schwartz, Cunningham & Scarpa, attorneys for respondent (Rachel M. Schwartz, on the brief).

PER CURIAM

    In this medical malpractice informed-consent case, plaintiff appeals an

October 30, 2019 order dismissing his complaint for failure to serve an affidavit

of merit (AOM). His main contention is that an AOM was unnecessary because the common knowledge doctrine applies. The judge disagreed and dismissed the complaint against defendant Michael Ombrellino, M.D., a board certified vascular and general surgeon, concluding that—although given the opportunity to replace a previously served non-conforming AOM with a new one—plaintiff failed to do so. We agree that the common knowledge doctrine is inapplicable and affirm.

In the fall of 2002, plaintiff underwent two open-heart surgeries, performed by other surgeons, which resulted in several complications. After his second surgery, plaintiff suffered a pulmonary embolism in his right lung, which led to his hospitalization. On November 2, 2002, plaintiff was stable and signed a consent form, agreeing to the implant of a filter in his inferior vena cava to prevent future embolisms. Defendant, who performed the surgery that day, also signed the form.

Defendant inserted the filter without complications, and the hospital discharged plaintiff. Six years later, in 2008, plaintiff started experiencing complications allegedly related to the filter. In 2018, plaintiff underwent a CT scan and learned that the filter purportedly was tilting and penetrating his inferior vena cava. Plaintiff called defendant, who did not respond.

A-1082-19T3

Plaintiff then filed his complaint, alleging defendant failed to adequately communicate the risks associated with the filter. Specifically, he asserts that defendant failed to disclose risks associated with the insertion of the filter, to provide post-operative instructions to plaintiff, to inform him to register the filter, and to notify him about any alleged recalls of the filter.[1] Defendant's answer acknowledged his area of specialty.

Defendant requested a Ferreira[2] conference. Under the assumption that an AOM was required, plaintiff then provided one authored by a general internist; not a vascular or general surgeon. Defendant objected, arguing the AOM did not comply with N.J.S.A. 2A:53A-27 and -41. Thereafter, the judge held the Ferreira conference, which was followed by defendant's first motion to dismiss for failing to comply with the statute. The judge denied defendant's motion, giving plaintiff time to submit a different AOM. Plaintiff instead filed a motion to waive the AOM requirement, arguing for the first time that the

---

[1] On this record, there is no credible evidence that the filter used in the procedure was recalled because of a product failure. Defendant maintains that he had no knowledge that plaintiff's filter was recalled for its propensity to fail, and to support that assertion, he provided recall notices issued after the procedure verifying that it was not recalled for that purpose. But even assuming it was recalled, an AOM is still required for the reasons we express in this opinion.

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

A-1082-19T3

common knowledge doctrine applied. Defendant filed his second motion to dismiss the complaint for failure to file a proper AOM, which led to the order under review.

On appeal, plaintiff maintains that an AOM is not required because the common knowledge exception applies. He argues that defendant failed to communicate "non-medical" facts before and after the surgery, including the risks associated with the filter, instructions on registering the filter, and the filter's subsequent recall. Plaintiff contends that the applicable "medical standard [of] care" in this case amounts to a "common sense patient[-]doctor relationship." Applying a de novo review to the issue of whether a cause of action is exempt from the AOM requirement, Cowley v. Virtua Health System, 242 N.J. 1, 14 (2020), we conclude an AOM was required and affirm substantially for the reasons given by the judge. We nevertheless add the following remarks.

The AOM statute applies to informed consent cases. Risko v. Ciocca, 356 N.J. Super. 406, 412 n.1 (App. Div. 2003); see also Tyndall v. Zaboski, 306 N.J. Super. 423, 426 (App. Div. 1997). The AOM statute—N.J.S.A. 2A:53A-26 to -29—states in part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an

alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices . . . .

In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in [N.J.S.A. 2A:53A-41].

[N.J.S.A. 2A:53A-27.]

"The submission of an appropriate [AOM] is considered an element of the claim." Meehan v. Antonellis, 226 N.J. 216, 228 (2016). "To demonstrate the threshold of merit, the [AOM] [s]tatute 'requires plaintiffs to provide an expert opinion, given under oath, that a duty of care existed and that the defendant breached that duty.'" Cowley, 242 N.J. at 16 (quoting Hubbard v. Reed, 168 N.J. 387, 394 (2001)). Failure to serve an appropriate AOM, like here, is considered a failure to state a cause of action, N.J.S.A. 2A:53A-29, which requires a dismissal of the complaint with prejudice. See Cowley, 242 N.J. at 16.

5

The expert or affiant authoring the AOM must be "specialized in the same specialty or subspecialty" as the defendant physician. Meehan, 226 N.J. at 233; see also Buck v. Henry, 207 N.J. 377, 389-90 (2011). When the defendant is board certified in a

> specialty or subspecialty and the care and treatment provided by the physician involved that specialty or subspecialty, the expert or affiant must be a physician with credentials from a hospital to treat patients for the medical condition or perform the procedure that is the subject of the claim, or a physician who possesses board certification in the same specialty or subspecialty as the physician and has devoted a majority of his or her professional practice to that specialty or subspecialty through active clinical practice or the instruction of students or both.
>
> [Meehan, 226 N.J. at 233 (citing N.J.S.A. 2A:53A-41(a)).]

The expert or affiant attests under oath that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A-27.

The common knowledge doctrine is an exception to the AOM requirement. Cowley, 242 N.J. at 17. It applies "where the carelessness of the defendant is readily apparent to anyone of average intelligence." Ibid. (quoting Rosenberg v. Cahill, 99 N.J. 318, 325 (1985)). The common knowledge

6

exception allows the "jurors' common knowledge as lay persons [to be] sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts." Ibid. (quoting Hubbard, 168 N.J. at 394). Under the common knowledge exception, a plaintiff is exempt from the AOM requirement only "where it is apparent that 'the issue of negligence is not related to technical matters peculiarly within the knowledge of [the licensed] practitioner[].'" Ibid. (alterations in original) (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 142 (1961)).

The exception allows jurors to "supply the applicable standard of care . . . to obviate the necessity for expert testimony relative thereto." Id. at 19 (alteration in original) (quoting Sanzari, 34 N.J. at 141). We must not allow "a jury of laymen . . . to speculate as to whether the procedure followed by a [defendant professional] conformed to the required professional standards." Ibid. (second alteration in original) (quoting Schueler v. Strelinger, 43 N.J. 330, 345 (1964)). "Rather, the common knowledge exception to the [AOM] [s]tatute applies only to cases where expert testimony is not needed to establish the applicable standard of care." Ibid.

We interpret this exception narrowly "to avoid noncompliance with the statute." Id. at 18-19 (quoting Hubbard, 168 N.J. at 397). The New Jersey

Supreme Court has determined that "[t]he test of need of expert testimony is whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable." Id. at 19 (alteration in original) (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)).

The Court did not apply the common knowledge exception in Cowley. In that case, the plaintiff alleged that her night nurse did not reinsert a nasogastric tube that she herself removed during the night, claiming the nurse was negligent in caring for her. Id. at 9-10. The Court stated the common knowledge exception did not apply because "[t]o assess a deviation in the standard of care in such a setting, one must know the procedures, protocols, and scope of duties of the licensed professional nurse[] in such circumstances." Id. at 20. The Court found the plaintiff must have an AOM to show the scope of the nurse's duties. Id. at 21. In contrast, the Hubbard Court applied the exception where a dentist extracted the wrong tooth. 168 N.J. at 394-96. Likewise, in Bender v. Walgreen Eastern Co., 399 N.J. Super. 584, 591 (App. Div. 2008), this court applied the exception to a pharmacist who filled a prescription with the wrong drug rather than the one prescribed.

A-1082-19T3

We conclude the common knowledge exception is inapplicable here. Like in Cowley, an expert is necessary to determine "the procedures, protocols, and scope of duties" of physicians like defendant who performed this surgery. Cowley, 242 N.J. at 20. Jurors do not have the ordinary knowledge and experience to identify what the medical standard of care requires in this situation. They do not know—without expert testimony—what a vascular surgeon must say to inform a patient about associated risks before and after the surgeon inserts a filter, such as the one inserted by defendant. Indeed, the record is silent as to whether the signed informed consent was adequate, and if not, what more would be required under the standard of care applicable to vascular and general surgery. And without an expert, jurors would be unfamiliar with the medical standards for post-operative communication about such things as a medical device's risks, instructions (such as registration), or recalls.

For the first time on appeal, plaintiff contends—in his preliminary statement and conclusion—that he had a "gut feeling" that the judge had a conflict of interest. Because this argument was not raised below, we choose not to address it. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). We briefly point out, however, that a "gut feeling" cannot support a claim for bias—there must be an objective reasonable belief that bias exists. DeNike v. Cupo,

196 N.J. 502, 517 (2008).  Moreover, after reviewing the record, there is no evidence that the judge acted partially towards defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1082-19T3