945 A.2d 120 (2008)
399 N.J. Super. 584
Michael BENDER, Plaintiff-Appellant,
v.
WALGREEN EASTERN CO., INC.,[1] Defendant-Respondent, and
Dr. Stanley Knep, Defendant.
No. A-4664-06T1
Superior Court of New Jersey, Appellate Division.
Argued April 8, 2008.
Decided April 21, 2008.
*122 Michael J. Liloia argued the cause for appellant (Bisceglie & DeMarco, West Paterson, attorneys; Alan K. Albert, on the brief).
Michael W. Starr, Morristown, argued the cause for respondent (Coughlin Duffy LLP, attorneys; James P. Lisovicz, of counsel; Mr. Starr, on the brief).
Before Judges COBURN, FUENTES and GRALL.
The opinion of the court was delivered by GRALL, J.A.D.
Plaintiff Michael Bender did not comply with the affidavit of merit statute, N.J.S.A. 2A:53A-27. On that ground, the trial court dismissed a complaint in which Bender alleged that defendant Walgreen Eastern Co., Inc. (Walgreens) breached its duty of care by giving him "Prednisone" when he presented a prescription for "Primidone." Plaintiff appeals from that final order.[2] We hold that the breach of duty alleged  filling a prescription with the wrong drug  falls within the "common knowledge" exception to the affidavit of merit statute recognized by the Supreme Court in Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 774 A.2d 495 (2001). Accordingly, we reinstate that claim and remand for further proceedings.
Bender filed the complaint on May 5, 2006. On December 14, 2006, Walgreens moved to dismiss the complaint for failure to serve an affidavit of merit. Bender filed a response and crossmotion asserting that the affidavit of merit statute did not apply because Walgreens is not a "licensed person" and, in the alternative, requesting a sixty-day extension for filing. An order extending the time for filing for an additional sixty days was filed on January 19, 2007. That order does not address Bender's contention that an affidavit of merit was not required. On March 12, 2007, the parties, who had been conducting discovery, agreed to extend the original end date to June 17, 2007.
Walgreens filed a second motion to dismiss on April 5, 2007. Bender's attorney gave Walgreens an affidavit of merit on April 20, 2007. In response to Walgreens' second motion to dismiss, Bender's attorney submitted the untimely affidavit of merit but argued it was unnecessary in this "common knowledge" case.
Although the trial court concluded that Bender should have raised the "common knowledge" doctrine in response to Walgreens' first motion to dismiss, the court addressed the merits. In the opinion of the licensed pharmacist who prepared the affidavit of merit, Walgreens' delivery of a medication different than the medication actually prescribed was a "substantial departure" from acceptable professional standards. The expert pointed to additional "possible departures" involving failure to provide literature describing the medication delivered and failure to inquire of the doctor who prescribed an unusually high dosage of the medication Walgreens delivered. The trial court determined that expert testimony was required to establish each of the deviations recited by the expert and dismissed Bender's complaint for failure to provide a timely affidavit of merit.
An affidavit of merit is not required in a case where the "common knowledge" doctrine applies and obviates *123 the need for expert testimony to establish a deviation from the professional's standard of care. Hubbard, supra, 168 N.J. at 390, 774 A.2d 495. "[T]he purpose of the [affidavit of merit] statute [is] to weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." Id. at 395, 774 A.2d 495. To that end, "the statute requires plaintiffs to provide an expert opinion, given under oath, that a duty of care existed and that the defendant breached that duty." Id. at 394, 774 A.2d 495. In a "common knowledge" case, expert opinion is not required to establish the duty or its breach. Ibid. For that reason, expert opinion is not needed to "weed out" claims that lack probable merit. Id. at 395, 774 A.2d 495.
The "common knowledge" doctrine applies where "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts." Id. at 394, 774 A.2d 495 (internal quotations omitted). "The doctrine . . . is appropriately invoked when the `carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience.'" Estate of Chin v. Saint Barnabas Med. Ctr., 160 N.J. 454, 469-70, 734 A.2d 778 (1999) (quoting Rosenberg ex rel. Rosenberg v. Cahill, 99 N.J. 318, 325, 492 A.2d 371 (1985)). Our courts have utilized the doctrine in circumstances involving obvious errors: a dentist's extraction of the wrong tooth, Hubbard, supra, 168 N.J. at 396, 774 A.2d 495; the erroneous hookup of equipment that resulted in the pumping of gas, rather than the fluid that ought to have been used, into the patient's uterus, Chin, supra, 160 N.J. at 460, 471, 734 A.2d 778; and the use of caustic solution, rather than the soothing medication intended, to treat a patient's nose after surgery, Becker v. Eisenstodt, 60 N.J.Super. 240, 242-46, 158 A.2d 706 (App.Div.1960).
We are unable to distinguish the error of substitution in this case  a pharmacist's filling a prescription with a drug other than the one prescribed  from the errors our courts have found sufficiently careless to be "readily apparent to anyone of average intelligence and ordinary experience." Chin, supra, 160 N.J. at 469-70, 734 A.2d 778 (internal quotations omitted); The deviation by a pharmacist who provides a drug different than the one prescribed is as clear as the deviation of a dentist who pulls the wrong tooth. In a different context, our Supreme Court has recognized the obvious nature of such a deviation. See In re Heller, 73 N.J. 292, 306, 374 A.2d 1191 (1977) (listing instances of unprofessional conduct by pharmacists so "inherently wrong and obviously `unprofessional'" as to permit punishment without a specific regulation).
Courts of other states, applying doctrines similar to the "common knowledge" doctrine formulated by our courts, have held that a jury does not need expert testimony to determine whether a pharmacist who fills a prescription with the wrong drug deviates from "acceptable professional" standards. In Sparks v. Kroger Co., 200 Ga.App. 135, 407 S.E.2d 105, 106 (1991), the court recognized the claim that a pharmacist provided the wrong drug as one involving "clear and palpable negligence" that would not require expert testimony at trial. See id. at 107 (following prior precedent and, on that basis, holding that an affidavit of merit is required even in cases of clear and palpable negligence). In Walter v. Wal-Mart Stores, Inc., 748 A.2d 961, 972 (Me.2000), the Court concluded that an allegation of negligence on the part of a pharmacist who filled a prescription *124 with the wrong drug was within the "common knowledge" of jurors and did not require expert testimony.
We agree with the courts of Georgia and Maine. "It does not take an expert to know that filling a prescription with the wrong drug . . . is negligence." Ibid. The carelessness involved is "readily apparent to anyone of average intelligence and ordinary experience." Chin, supra, 160 N.J. at 469-70, 734 A.2d 778 (internal quotations omitted).
Because the deviation from professional standards entailed in a pharmacist's filling a prescription for "Primidone" with "Prednisone" would be apparent to the average person, we vacate the order of dismissal and remand for further proceedings on that claim.
Expert testimony is, however, necessary to establish Bender's claims based on Walgreens' failure to recognize the impropriety of the dosage of "Prednisone" delivered and failure to provide adequate information or warnings. The "common knowledge" exception to the affidavit of merit statute recognized in Hubbard applies only "when an expert will not be called to testify `that the care, skill or knowledge . . . [of the defendant] fell outside acceptable professional or occupational standards or treatment practices.'" 168 N.J. at 390, 774 A. 2d 495 (quoting N.J.S.A. 2A:53A-27). Accordingly, Bender may not pursue those alleged deviations or any others that require expert testimony.[3]
To the extent that Bender may not pursue a claim based on any deviation from acceptable professional standards that requires expert testimony, this case illustrates the danger of relying on the "common knowledge" doctrine rather than providing an affidavit of merit. Hubbard, supra, 168 N.J. at 397, 774 A.2d 495. Without a timely affidavit of merit, claims of deviation that do not fall within the scope of the "common knowledge" doctrine and its narrow exception to N.J.S.A 2A:53A-27 are not preserved. Ibid.
Walgreens presents additional arguments to establish alternate grounds for a decision by this court affirming the dismissal of plaintiffs complaint. Walgreens contends that the complaint should have been dismissed at an earlier date because Bender did not comply with the statute. Walgreens also argues that Rule 4:49-2 barred Bender's effort to raise the "common knowledge" doctrine in opposition to its second motion for dismissal. We reject both arguments.
The statutory deadlines for filing an affidavit of merit are irrelevant in a "common knowledge" case. An affidavit of merit is not required, and the statutory deadlines do not apply. See Hubbard, supra, 168 N.J. at 390, 774A.2d 495.
*125 Walgreens' reliance on Rule 4:49-2 is also misplaced. Assuming without deciding that the order of January 17, 2007, implicitly rejected Bender's argument that an affidavit was not required because Walgreens is not a licensed person, the order extending time to file is not a final order. It does not resolve Bender's claim of negligence or the parties' respective liabilities. See R. 4:42-2. Only final orders are subject to the time limits imposed by Rule 4:49-2. See Johnson v. Cyklop Strapping Corp., 220 N.J.Super. 250, 256-65, 531 A.2d 1078 (App.Div.1987), certif. denied, 110 N.J. 196, 540 A.2d 189 (1988); Pressler, Current N.J. Court Rules, comment 1 on R. 4:49-2 (2008). An order that is not final may be reconsidered and revised "at any time before the entry of a final judgment in the sound discretion of the court in the interest of justice." R. 4:42-2.
Even if we were to assume that Bender's attempt to raise the "common knowledge" doctrine in response to the second motion to dismiss was the equivalent of a motion, for reconsideration of an interlocutory order, we would conclude that the interests of justice warranted an exercise of discretion to address the claim on its merits. Absent extraordinary circumstances, a dismissal based on failure to comply with the affidavit of merit statute terminates the litigation. See N.J.S.A. 2A:53A-29 (noting that failure to comply with the affidavit of merit statute shall be deemed a failure to state a claim); Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 247, 708 A.2d 401 (1998) (holding that absent extraordinary circumstances, a failure to comply with the statute requires a dismissal with prejudice). A dismissal for failure to provide an affidavit of merit entered without considering a "common knowledge" claim may well terminate the litigation for failure to comply with a statute not relevant in the case. Such an outcome would not further the interests of justice or the interests served by the affidavit of merit statute. Moreover, given the protection against unfair surprise and delay afforded by the discovery rules, the only possible prejudice to the defendant would be denial of a dismissal to which the defendant, because his or her negligence is apparent, is not entitled. See generally Ghandi v. Cespedes, 390 N.J.Super. 193, 195, 915 A.2d 39 (App.Div. 2007) (discussing the proper exercise of discretion in matters that may result in termination of litigation for reasons unrelated to the merits).
Reversed in part and remanded for further proceedings.
NOTES
[1] Improperly pleaded as Walgreens Pharmacy.
[2] All issues as to all parties have been resolved. Bender's claims against the only other named defendant, Dr. Stanley Knep, were dismissed by order dated December 21, 2006. Bender does not appeal from that order.
[3] N.J.S.A. 2A:53A-27 does not require an expert's affidavit relevant to causation or damages. It requires nothing more than an affidavit attesting to the existence of "a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." Ibid. Thus, in Hubbard, the Court held "that an affidavit need not be provided in common knowledge cases when an expert will not be called to testify `that the care, skill or knowledge . . . [of the defendant] fell outside acceptable professional or occupational standards or treatment practices.' N.J.S.A. 2A:53A-27." 168 N.J. at 390, 774 A.2d 495. Cf. Ruiz v. Walgreen Co., 79 S.W.3d 235, 239-240 (Tex. App.2002) (assuming that plaintiff did not need expert testimony to establish a breach of the applicable standard of care by a pharmacist who filled a prescription with the wrong drug, the court concluded that an affidavit of merit was required by the Texas statute because plaintiff would need expert testimony to establish that the breach caused the injury).