**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0227-19T1

MARIA C. PETERS,

    Plaintiff-Appellant,

v.

THOMAS K. JOHN, M.D., JUSTIN
MENDOZA, M.D. and ACTIVE
ORTHOPEDICS & SPORTS
MEDICINE,

    Defendants-Respondents.

_____

Argued November 17, 2020 – Decided December 7, 2020

Before Judges Yannotti and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1259-19.

Winnie Ihemaguba argued the cause for appellant.

Robert E. Spitzer argued the cause for respondents (MacNeil, O'Neil & Riveles, LLC, attorneys; Lauren K. O'Neill, of counsel; Robert E. Spitzer and Ethan Lillianthal, on the brief).

PER CURIAM

Plaintiff Maria Peters appeals from an August 2, 2019 order dismissing her complaint against defendants Thomas K. John, M.D., Justin Mendoza, D.O.,[1] and Active Orthopedics & Sports Medicine, L.L.C. with prejudice. The motion judge concluded that: (1) plaintiff's claim sounded in professional medical malpractice; (2) the common knowledge exception did not apply, and an affidavit of merit (AOM) was required, which plaintiff failed to furnish. We agree and affirm.

On March 16, 2016, Dr. John performed bilateral knee replacement surgery upon plaintiff. Following the surgery, plaintiff returned to Dr. John and complained about "excruciating pain in her left knee." Dr. John did not have an MRI, CT scan, or bone scan performed and "prescribed a cream for [p]laintiff's knee." Dr. John also referred plaintiff to another physician in his practice, Dr. Mendoza,[2] who prescribed cortisone injections to ease plaintiff's pain. According to plaintiff, Dr. Mendoza did not perform any scans of her knee before prescribing this medication.

---

[1] Incorrectly referred to as Justin Mendoza, M.D. in plaintiff's complaint.

[2] Both doctors were employed by defendant Active Orthopedics & Sports Medicine, L.L.C.

Plaintiff alleged that the pain in her left knee got worse following the injections and she eventually had to have another knee replacement device installed. In her February 15, 2019 complaint, plaintiff claimed that Dr. John and Dr. Mendoza both "breach[ed] . . . the applicable standard of medical care[,] . . . which resulted in the faulty replacement knee surgery and the misdiagnosis and failure to perform any corrective knee replacement surgery" or address her complaints of pain in the knee.

Defendants filed an answer and demanded that plaintiff submit an AOM covering their "respective specialties of physical medicine/rehabilitation and orthopedics." The trial court conducted a Ferreira[3] hearing and determined that an AOM was required. The court ordered plaintiff to serve defendants with the AOM no later than May 24, 2019, although the order also stated that plaintiff could apply for an extension of that deadline. Plaintiff requested additional time to produce the AOM, and the judge set July 12, 2019 as the new due date.

When plaintiff failed to submit the required AOM by that date, defendants filed a motion to dismiss her complaint. In response, plaintiff alleged that she had attempted to obtain an expert to prepare an AOM, but had been unable to locate anyone who was willing to do so. At that point, plaintiff alleged for the

---

[3] Ferreira v. Rancocas Orthopedics Assocs., 178 N.J. 144, 154 (2003).

first time that her case fell under the common knowledge exception to the AOM requirement and, therefore, an expert's report was not required.

At oral argument on defendants' motion, plaintiff's attorney stated that plaintiff had recently undergone a second replacement surgery, this time on her right knee, and she indicated she would file an amended complaint to include the additional damages her client allegedly incurred as a result of having to undergo this surgery. Plaintiff's attorney also stated she would include more specific allegations in the complaint concerning defendants' failure to conduct appropriate testing when plaintiff presented them with her complaints of pain.

However, plaintiff's attorney did not bring the amended complaint to court and never filed a motion to file this pleading. Thus, the motion judge made clear that the information plaintiff attempted to interject had no impact on the question at hand, that is, whether an AOM was required in this medical malpractice case.

Following oral argument, the judge answered that question in the affirmative and dismissed plaintiff's complaint with prejudice. In so ruling, the judge rejected plaintiff's contention that this matter fell within the common knowledge exception to the AOM statute. This appeal followed.

A-0227-19T1

On appeal, plaintiff repeats the same argument she unsuccessfully presented to the motion judge and argues that an AOM was not required here because this is a "common knowledge case."[4] We disagree.

N.J.S.A. 2A:53A-27 states that a plaintiff pursuing a claim for injuries "resulting from an alleged act of malpractice or negligence of a licensed person in his profession or occupation," must provide an affidavit by an appropriately-licensed person who attests under oath "that there exists a reasonable probability that the care, skill or knowledge exercised" by the defendant deviated from accepted professional standards. "The submission of an appropriate [AOM] is considered an element of the claim." Meehan v. Antonellis, 226 N.J. 216, 228 (2016) (citing Alan J. Cornblatt, PA v. Barow, 153 N.J. 218, 244 (1998)).

The AOM must be furnished within 60 days of the filing of defendant's answer, but the time may be extended up to 120 days for good cause. N.J.S.A. 2A:53A-27. If the plaintiff does not file the AOM within the required time, the

---

[4] Plaintiff also argues that the motion judge improperly considered "facts outside of the pleadings" and, therefore, should have converted defendants' motion to dismiss into a motion for summary judgment. As noted above, however, the judge found that the additional facts plaintiff's attorney raised at oral argument had no bearing on the question of whether an AOM was required. Accordingly, the judge correctly considered defendants' motion under Rule 4:6-2(e). Therefore, plaintiff's contention on this point is without sufficient merit to warrant further discussion in this opinion. R. 2:11-3(e)(1)(E).

A-0227-19T1

complaint is dismissed with prejudice unless the plaintiff's failure to file it was due to extraordinary circumstances, not present here. Ferreira, 178 N.J. at 151.

However, a plaintiff need not provide an AOM in a so-called common knowledge case. Hubbard v. Reed, 168 N.J. 387, 394 (2001). The common knowledge doctrine is an exception to the general rule that professional negligence must be established by expert testimony. Sanzari v. Rosenfeld, 34 N.J. 128, 141 (1961). A common knowledge case is one in which

> an expert is not needed to demonstrate that a defendant breached a duty of care. The doctrine applies where "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine defendant's negligence without the benefit of the specialized knowledge of experts."
>
> [Hubbard, 168 N.J. at 394 (quoting Estate of Chin v. St. Barnabas Med. Ctr., 160 N.J. 454, 469 (1999))].

Our Supreme Court has cautioned that the common knowledge exception must be construed "narrowly in order to avoid noncompliance with the statute." Id. at 397. Thus, for example, the doctrine has been applied when a dentist pulled the wrong tooth. Id. at 396. See also Palanque v. Lambert-Woolley, 168 N.J. 398, 407 (2001) (applying common knowledge doctrine to misdiagnosis resulting from misreading of numbers on a lab chart); Estate of Chin, 160 N.J. at 460 (finding that an AOM was not needed where equipment was used that

pumped gas, rather than the fluid that should have been used, into the patient); Bender v. Walgreen Eastern Co., Inc., 399 N.J. Super. 584, 591-92 (App. Div. 2008) (holding that the common knowledge exception applies to a pharmacist filling a prescription with a drug other than the one prescribed); Becker v. Eisenstodt, 60 N.J. Super. 240, 242-46 (App. Div. 1960) (applying the doctrine when a caustic solution, rather than the soothing medication intended, was used to treat a patient's nose after surgery).

Applying these principles, we are satisfied that the common knowledge doctrine does not apply to this case. Here, plaintiff claimed that defendants deviated from accepted standards of medical care by, in the case of Dr. John, performing the bilateral knee replacement surgery and, in the case of both doctors, determining the appropriate testing regime and treatment for plaintiff after she complained of pain following her operation.

Simply stated, jurors cannot be expected to know the particulars of how knee replacement surgery is performed, the criteria for selecting the hardware used during the operation, the types of testing available and warranted when a patient complains of post-operative pain, and the various treatment regimens that may be thereafter employed. Accordingly, we are convinced that the jurors

would not, based on their own common knowledge and experience, be capable of determining the standards of care applicable to plaintiff's claims.

Therefore, plaintiff was required to produce an AOM in this case. Because she did not, the motion judge properly dismissed her complaint with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0227-19T1