**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0323-23

JON PENNIX, JR., and VICTORIA
HOLMES,

     Plaintiffs-Appellants,

v.

NEWARK BETH ISRAEL MEDICAL
CENTER, THE CARDIOVASCULAR
CARE GROUP, DR. LEON DICK,
DR. BRUCE J. BRENER,[1] and DR.
CHI-SHIN CHIU,

     Defendants-Respondents.

_____

     Argued October 22, 2024 – Decided November 15, 2024

     Before Judges Gilson, Bishop-Thompson and Augostini.

     On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1388-23.

     Jon Pennix, Jr., and Victoria Holmes, appellants, argued the cause pro se.

---

[1] Improperly pled as Brenner.

Robert G. Maglio argued the cause for respondent Newark Beth Israel Medical Center (Ronan, Tuzzio & Giannone, PA, attorneys; Lauren H. Zalepka, of counsel and on the brief; Robert G. Maglio, on the brief).

Robert G. Veech, III argued the cause for respondent Dr. Bruce Brener and The Cardiovascular Care Group (Farkas & Donohue, LLC, attorneys; Evelyn C. Farkas, of counsel; Robert G. Veech, III, on the brief).

Anthony M. Tracy argued the cause for respondent Dr. Leon Dick (Garson & Jakub, LLP, attorneys; Anthony M. Tracy, of counsel and on the brief).

Ryan A. Notarangelo argued the cause for respondent Chi-Shin Chiu, M.D. (Dughi, Hewit & Domalewski, PC, attorneys; Ryan A. Notarangelo, of counsel and on the brief; Cyndee L. Allert, of counsel).

PER CURIAM

Plaintiffs Jon Pennix, Jr. and Victoria Holmes appeal from multiple orders issued on August 18, 2023 dismissing their medical malpractice complaint against several defendants, including Newark Beth Israel Medical Center, Dr. Bruce Brener, Dr. Leon Dick, and Dr. Chiu. After careful review of the record and applicable law, we affirm.

I.

In August 2020, during a CT scan for a pre-existing condition, it was discovered that plaintiff Jon Pennix Jr. had an aneurysm of the iliac artery.

A-0323-23

Surgery was recommended.  On February 26, 2021, Mr. Pennix was admitted to Newark Beth Israel Medical Center (Newark Beth Israel) for elective surgery to repair this abdominal aortic aneurysm.  Mr. Pennix and his fiancée, plaintiff Victoria Holmes, signed the consent form authorizing the surgery.  Dr. Brener performed the surgery, assisted by Dr. Dick, and Dr. Chiu served as the anesthesiologist.  No complications occurred during the surgery, and while it was initially anticipated that Mr. Pennix might stay in the hospital for two days, he was discharged the next day, February 27, 2021.

Several hours after his discharge from the hospital, Mr. Pennix was taken to the emergency room at Clara Maass Hospital presenting with fever and chest pain.  Mr. Pennix was admitted to the hospital and discharged seven days later with instructions to follow-up with his cardiologist.

Plaintiffs filed a medical malpractice complaint against defendants on February 22, 2023.  They amended their complaint on or about March 8, 2023.[2] Thereafter, defendants filed their respective answers to the complaint.

---

[2] Plaintiffs' amended complaint has two date stamps: March 1, 2023 and March 8, 2023.

A-0323-23

On May 10, 2023, the judge conducted a Ferreira[3] conference. Ms. Holmes asserted that this was a common knowledge case and therefore, an affidavit of merit (AOM) was not required. The judge, however, disagreed and directed plaintiffs to serve an AOM pursuant to N.J.S.A. 2A:53A-27, or risk having the case dismissed. The judge provided plaintiffs with additional time in which to file an AOM. Nevertheless, later that same day, plaintiffs served an AOM signed by Monique Monroe, RN. Shortly thereafter, defendants objected to Nurse Monroe's affidavit as being deficient under the statute.

On May 30, 2023, plaintiffs moved to recuse the judge pursuant to Rule 1:12-1. Around the same time, defendants moved to dismiss the complaint for failure to state a cause of action. On June 14, 2023, plaintiffs filed a motion to amend their case information statement to add the word "negligence."[4]

At the hearing on August 18, 2023, the judge denied plaintiffs' motion for recusal. She also found that plaintiffs' AOM from Nurse Monroe was insufficient because the nurse was not a medical doctor qualified in any of the

---

[3] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

[4] At the hearing on August 18, 2023, Ms. Holmes represented that she had filed a motion to amend the complaint to "add on the word negligence." However, plaintiff's exhibit 85 of 180 (Pa20), Certification in Support of Motion, states: "Plaintiffs seek to amend CIS Form . . . . "

A-0323-23

specialties practiced by defendants as required by the AOM statute. The judge, therefore, granted defendants' motions to dismiss for failure to state a claim. Thus, the judge also denied plaintiffs' motion to amend their case information statement.

This appeal followed.

## II.

Plaintiffs raise four issues on appeal:

POINT I

AN AFFIDAVIT OF MERIT IS UNNECESSARY IN ORDINDARY NEGLIGENCE ACTIONS AGAINST A "PROFESSIONAL["] UNDER THE DOCTRINE OF RE[S] ISPA LOQUIT[U]R.

POINT II

TRIAL JUDGE ERRED GRANTING ALL [SIX ORDERS] AGAINST PRO SE PLAINTIFFS ABUSE OF DISCRETION "CLEARL[Y] ERRONEOUS" WITH DIRECT/CIRCUMSTANTIAL EVIDENCE "SUBMITTED".

POINT III

TRIAL JUDGE ERRED ON RULING N.J.S.A. 2A:53A-27 IF REQUIRED N.J.S.A. 26A:53-26(i), ALSO APPELLATE DIVISION RULE 52.A(4,6).

A-0323-23

POINT IV

TRIAL JUDGE ERRED IN REFUSING TO DISQUALIFY HERSELF OPTED TO ABUSE HER POWER, VIOLATED CANON RULES/JUDICIAL CODE OF CONDUCT.

We review a trial court's interpretation of statutes de novo. Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019) (citing State v. Fuqua, 234 N.J. 583, 591 (2018)). "A trial court's interpretation of the law and legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We review motions for disqualification for abuse of discretion. State v. McCabe, 201 N.J. 34, 45 (2010) (citing Panitch v. Panitch, 339 N.J. Super. 63, 66, 71 (App. Div. 2001)). However, "'[w]e review de novo whether the proper legal standard was applied.'" P.M. v. N.P., 441 N.J. Super. 127, 140 (App. Div. 2015) (quoting McCabe, 201 N.J. at 45).

A.

Common Knowledge Exception to Affidavit of Merit

New Jersey's Affidavit of Merit statute, N.J.S.A. 2A:53A-26 to -29, in relevant part, requires:

[i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

[N.J.S.A. 2A:53A-27.]

In a medical malpractice case, the statute further requires a plaintiff to provide an AOM from an appropriately credentialed professional who has "particular expertise in the general area or specialty involved in the action[.]" Ibid. "The affidavit must provide that there exists a reasonable probability the standard of care exercised in the alleged malpractice case fell outside the acceptable professional or occupational standards." Cowley v. Virtua Health Sys., 242 N.J. 1, 8 (2020). Moreover, for a plaintiff to satisfy the "threshold of merit," the AOM must contain "'an expert opinion, given under oath, that a duty of care existed and that the defendant breached that duty.'" Id. at 16 (quoting Hubbard v. Reed, 168 N.J. 387, 394 (2001)).

The main purpose of the affidavit of merit statute is to "'require plaintiffs . . . to make a threshold showing that their claim is meritorious'" and to weed

out claims that are not meritorious at the earliest stage of the litigation.  Ibid.

(quoting Cornblatt v. Barow, 153 N.J. 218, 242 (1998)); Buck v. Henry, 207

N.J. 377, 383 (2011).

Our Supreme Court "has fashioned an exception to [the AOM] requirement for cases in which the alleged conduct or failure to act, if accepted as true, would be readily recognizable, by a person of average intelligence, as a failure to exercise the appropriate standard of care." Cowley, 242 N.J. at 8.  This exception, however, "is construed narrowly 'to avoid non-compliance with the statute.'"  Id. at 18 (quoting Hubbard, 168 N.J. at 397).  In rare and exceptional circumstances, "the 'jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of specialized knowledge of experts." Id. at 17 (citing Hubbard, 168 N.J. at 394).

Such an instance of common knowledge was found in the Hubbard case, where a doctor pulled the wrong tooth from the patient's mouth. Hubbard, 168 N.J. at 396. Equally obvious, in Est. of Chin v. Saint Barnabas Med. Ctr., where a patient died from an air embolism during a diagnostic hysteroscopy, during which someone accidentally connected a gas line rather than a fluid line to the patient's uterus.  160 N.J. 454, 460 (1999).  Or, in Bender, where a pharmacist

filled a prescription with medications other than the drug prescribed. Bender v. Walgreen E. Co., 399 N.J. Super. 584, 588-89 (App. Div. 2008). These cases demonstrate situations that involve obvious error and fall within the common knowledge exception, obviating the need for expert testimony to explain the standard of care.

Plaintiffs' case is readily distinguishable from these common knowledge cases. "'[C]ourts must look to the underlying factual allegations, and not how the claim is captioned in the complaint . . . [I]t is the nature of the proof required that controls.'" Triarsi v. BSC Grp. Servs., LLC, 422 N.J. Super. 104, 114 (App. Div. 2011) (alteration in original) (quoting Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F. Supp. 2d 307, 315 (D.N.J. 2010)). Here, plaintiffs allege the medical professionals deviated from the standard of care by failing to postpone surgery and obtain cardiac clearance given plaintiff's pre-existing conditions, failing to conduct pertinent pre- and post-operative testing, and failing to provide proper discharge instructions. Plaintiffs also allege the original consent form was altered by adding "wife" next to Ms. Holmes' signature.

We discern no error in the judge's determination that such allegations of medical negligence are beyond common knowledge and understanding of a

9

layperson and require expert testimony to explain the standard of care. We are satisfied the judge correctly determined that this case required an AOM and did not fall within the common knowledge exception. A fact finder will need to know why the surgery should have been postponed and whether each of the doctors fell below a recognized standard of care in not postponing the surgery. A fact finder would need that same information concerning the claims regarding the pre- and post-operative testing and the discharge instructions. None of those medical issues are within the common knowledge of a lay person.

Plaintiff also argues that an AOM was not necessary under the doctrine of res ipsa loquitur. This assertion lacks merit.

The maxim res ipsa loquitur, meaning "'the thing, or affair, speaks for itself,'"

> symbolizes a permissible presumption of negligence from the plaintiff's proof . . . an allowable inference of . . . defendant's want of due care where (a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect.
>
> [Bornstein v. Metro. Bottling Co., 26 N.J. 263, 269, 272 (1958).]

We recognize that "the original basis for the [res ipsa loquitur] doctrine is found in cases that rest on common knowledge." Khan v. Singh, 200 N.J. 82, 92 (2009) (citing Buckelew v. Grossbard, 87 N.J. 512, 526-27 (1981)).

While it remains a plaintiff's burden to prove negligence, the res ipsa doctrine allows a jury to draw an inference from the evidence "effectively reducing the plaintiff's burden of persuasion, but not shifting the burden of proof." Khan, 200 N.J. at 91 (citing Eaton v. Eaton, 119 N.J. 628, 638 (1990)). Thus, in certain circumstances, where a plaintiff is permitted to rely upon the common knowledge exception to the AOM requirement, a court may consider "coupl[ing] it with the use of a res ipsa charge to permit the jury to draw an inference of medical negligence." Id. at 92 (citing Buckelew, 87 N.J. at 526-27). Thus, the res ipsa doctrine serves a different purpose than the AOM statute and does not obviate the need for compliance with the AOM statute.

The doctrine of res ipsa does not apply to plaintiffs' claims of malpractice because to prove that Mr. Pennix was not properly treated, plaintiffs will need expert testimony to explain defendant doctors mistreated Mr. Pennix and how that malpractice caused injury. None of that information speaks for itself; rather, plaintiffs' claims involve complex medical issues that need to be established through appropriate expert testimony and opinion.

11

B.

Sufficiency of Affidavit of Merit

Even though, at the May 10, 2023 hearing, plaintiffs asserted the common knowledge doctrine applied and an AOM was unnecessary, they nonetheless submitted one the same day from Monique S. Monroe, Registered Nurse, signed and notarized but not submitted under oath. At the August hearing, the judge found their AOM deficient and as a result, dismissed plaintiffs' complaint with prejudice.

N.J.S.A. 2A:53A-27 requires "the person executing the affidavit . . . have particular expertise in the general area or specialty involved in th[is] action." N.J.S.A. 2A:53A-27. So, that individual can certify that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." Ibid. A plaintiff who is required to file an AOM but fails to do so, under N.J.S.A. 2A:53A-29, will have their case dismissed because "it shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29.

The judge correctly found that Nurse Monroe's AOM failed to satisfy the statute. She was not qualified to opine on the standard of care for those

defendants who are licensed physicians: Dr. Brener, a licensed physician who specializes in cardiovascular surgery; Dr. Chiu, a licensed anesthesiologist; and Dr. Dick, a licensed physician who specializes in surgery. Further, Nurse Monroe provides no basis upon which she is qualified to opine on the standard of care as to the hospital and its staff. We conclude that the judge properly found the AOM deficient and dismissed plaintiffs' complaint with prejudice for failing to state a claim.

## C.

### Disqualification

Rule 1:12-1 sets forth the basis upon which a judge shall be disqualified:

> (a) is by blood or marriage the second cousin of or is more closely related to any party to the action;
>
> (b) is by blood or marriage the first cousin of or is more closely related to any attorney in the action. This proscription shall extend to the partners, employers, employees or office associates of any such attorney except where the Chief Justice for good cause otherwise permits;
>
> (c) has been attorney of record or counsel in the action;
>
> (d) has given an opinion upon a matter in question in the action;
>
> (e) is interested in the event of the action;

(f) has discussed or negotiated his or her post-retirement employment with any party, attorney or law firm involved in the matter; or

(g) when there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so.

[R. 1:12-1.]

The Rule further provides with respect to paragraphs (c), (d) and (e), [that] these paragraphs

shall not prevent a judge from sitting because of having given an opinion in another action in which the same matter in controversy came in question or given an opinion on any question in controversy in the pending action in the course of previous proceedings therein, or because the board of chosen freeholders of a county or the municipality in which the judge resides or is liable to be taxed are or may be parties to the record or otherwise interested.

[Ibid.]

"A motion for recusal may be granted for any 'reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so.'" Panitch, 339 N.J. Super. at 66 (quoting R. 1:12-1(f))[5]. On the other hand, "[i]t is improper for a judge to

_____

[5] The proper subsection of the Rule being referenced is now (g).

14

withdraw from a case upon a mere suggestion that he is disqualified 'unless the alleged cause of recusal is known by him to exist or is shown to be true in fact.'" Ibid. (quoting Hundred E. Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986)).

Plaintiffs moved to disqualify the judge presiding over their matter alleging bias and unfair treatment, which the judge denied. On appeal, plaintiffs provided no basis as to how the judge erred in her analysis of the recusal issue or abused her discretion in this regard. Moreover, plaintiffs provide no proof for their assertions that they were treated unfairly or precluded from a fair and just determination of their matter.

A review of the transcript of the Ferreira conference demonstrates that the judge provided clear information and instructions to plaintiffs, who were self-represented, and granted them additional time to file their AOM. In ruling on plaintiffs' disqualification motion, the judge reviewed the transcript from the May hearing and found no instance of disrespectful or unfair treatment. We are satisfied the judge did not abuse her discretion in denying the disqualification motion.

To the extent we have not specifically addressed any remaining arguments raised by plaintiffs, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-0323-23