**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3582-24

STEVEN BRADLEY MELL,

    Plaintiff-Appellant,

v.

PATRICK TOSCANO, individual,
THE TOSCANO LAW FIRM, and
MATTHEW TOSCANO,

    Defendants-Respondents.

_____

Submitted May 13, 2026 – Decided June 5, 2026

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4560-24.

Steven Bradley Mell, self-represented appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for respondents (Joanna Piorek, of counsel and on the brief; Patrick Fischer, on the brief).

PER CURIAM

Plaintiff Steven Bradley Mell appeals from a May 14, 2025 order granting summary judgment to defendants Patrick Toscano, the Toscano Law Firm, and Matthew Toscano based on plaintiff's failure to provide an affidavit of merit (AOM). He also appeals from a June 19, 2025 order denying reconsideration of the May 14 order. We affirm both orders.

This case involves a legal malpractice claim against defendants arising from a prior lawsuit against plaintiff. In that prior lawsuit, a victim filed an action against plaintiff for his purported sexual abuse and assault of her over a five-year period while the victim was a minor.

Plaintiff was criminally prosecuted for his alleged crimes against the victim. Plaintiff eventually pleaded guilty and went to prison.

The victim subsequently sued plaintiff in a civil action to recover money damages. Plaintiff had been represented in that civil lawsuit by another law firm. After that law firm was relieved as counsel, defendants represented plaintiff in the civil lawsuit. Defendants represented plaintiff from December 2020, until the entry of a September 23, 2022 order allowing defendants to be relieved as plaintiff's counsel in the civil lawsuit. Plaintiff then proceeded as a self-represented litigant in the victim's civil lawsuit.[1]

---

[1] There is no information in the record regarding the status of the victim's civil lawsuit against plaintiff.

A-3582-24

In July 2024, while the victim's civil lawsuit was pending, plaintiff filed a legal malpractice action against defendants. Plaintiff filed his malpractice complaint as a self-represented litigant. In count one, plaintiff claimed defendants: failed to communicate effectively with him; violated the attorney-client privilege; failed to investigate critical evidence; and failed to comply with the court rules. In count two, plaintiff asserted defendants breached their legal services contract. In count three, plaintiff contended defendants breached fiduciary duties owed to him.

On September 20, 2024, defendants filed an answer. Because plaintiff's complaint asserted causes of action based on professional negligence and legal malpractice, defendants' Civil Case Information Statement asserted plaintiff needed to file an AOM pursuant to N.J.S.A. 2A:53A-26 to -29. In an amended complaint, plaintiff expressly asserted a cause of action based on "Legal Malpractice" because "[d]efendants owed [p]laintiff a duty of professional care to provide competent and diligent representation" and breached that duty.

Based on the filing date of defendants' answer, plaintiff's AOM was due November 19, 2024. Plaintiff failed to file an AOM within sixty days of defendants' answer as required under N.J.S.A. 2A:53A-27. Nor did plaintiff file a motion seeking an additional sixty days to file his AOM. Even if plaintiff had

requested a sixty-day extension to file his AOM for "good cause" under N.J.S.A. 2A:53A-27, the AOM would have been due January 20, 2025.

In December 2024, before the expiration of 120 days within which plaintiff was required to file an AOM, defendants served discovery responses. Based on defendants' service of discovery responses, plaintiff had the time and documents necessary to obtain an AOM before January 20, 2025. To the extent plaintiff believed additional discovery from defendants was necessary to prepare and serve an AOM, plaintiff never filed a motion explaining what discovery documents, if any, were required to complete an AOM.

Defendants moved for summary judgment based on plaintiff's failure to serve an AOM. In opposition to defendants' motion, on February 5, 2023, plaintiff served a February 3, 2025 AOM. The judge granted the summary judgment motion, finding plaintiff's "AOM was served out of time, even if plaintiff had filed for an extension."

Despite plaintiff's effort to cast his allegations against defendants as a breach of contract action, the judge concluded plaintiff's allegations were "the essence of legal malpractice" and plaintiff could "not get around the legal malpractice requirements by calling [his allegations] a breach of contract." The judge explained plaintiff never filed a motion explaining he needed more time to submit an AOM because he was incarcerated and, therefore, unable to access

4

documents to prepare an AOM. Further, notwithstanding plaintiff's self-represented status, the judge stated plaintiff was presumed to be "aware of all procedural requirements in proceeding in a case against a law firm and for alleging legal malpractice." As the judge explained, plaintiff's proceeding without an attorney did not obviate his obligation to know "the Rules of Court, and the Rules of Evidence, and the statutes, and the case law."

In his written statement of reasons accompanying the May 14, 2025 summary judgment order, the judge recited the case law and statutes governing the AOM requirement for professional malpractice cases. Based on his review of plaintiff's pleadings, the judge concluded "plaintiff['s] claims [we]re not subject to the common knowledge exception to the AOM requirement" consistent with our Supreme Court's decision in Hubbard v. Reed, 168 N.J. 387, 390 (2001).

Although the judge recognized that an AOM is not required for cases alleging breach of contract, he concluded plaintiff's pleadings alleged "defendants performed legal work" and asserted defendants "performed the work improperly." The judge found "plaintiff['s] claims clearly implicated a standard of care, and whether defendants breached that standard, [and] an AOM was needed to support plaintiff['s] claims."

A-3582-24

The judge also rejected plaintiff's argument "that defendants' failure to comply with discovery . . . relieved [him] of [the] obligation to timely provide an AOM." The judge found "defendants produced 13,600 pages of discovery." Although the judge noted "[t]here may be some dispute as to when those documents were provided, . . . plaintiff admit[ted] to receiving those documents prior to the time by which the AOM was to have been filed." Additionally, the judge explained "plaintiff fail[ed] to clearly delineate the records or documents that were withheld by defendants," "what records or other information [was] needed to prepare the AOM," and "how the delay in providing [documents] impacted his ability to timely file an AOM."

The judge also determined the failure to hold a conference under Ferreira v. Rancocas Orthopedic Associates, 178 N.J. 144 (2003), did not excuse plaintiff's failure to file a timely AOM. Plaintiff relied on Paragon Contractors, Inc. v. Peachtree Condominium Association, 202 N.J. 415 (2010), arguing the trial court's failure to conduct a Ferriera conference provided "refuge for his failure to timely file an AOM."

The judge held the failure to conduct a Ferreira conference "cannot toll the legislatively prescribed time frames" for filing an AOM. The judge found Paragon Contractors did "not excuse the [p]laintiff's failure to timely comply with the AOM requirements." Because plaintiff failed "to provide an AOM in a

A-3582-24

timely manner as required under the [statute], and finding no exception sufficient to relieve the plaintiff of that obligation," the judge granted summary judgment and dismissed plaintiff's amended complaint with prejudice.

Plaintiff moved for reconsideration, which the judge denied in a June 19, 2025 order. In a written statement of reasons attached to the June 19 order, the judge found "no basis to reverse the prior decision. The plaintiff fails to point to any failure to appreciate evidence in the record, but instead distorts the finding of the court detailed in its prior orders."

On appeal, plaintiff argues the judge erred in granting summary judgment to defendants and dismissing his malpractice complaint based on the untimely AOM, and "ignoring the mandatory Ferreira conference's absence," particularly given plaintiff's self-represented status. For the first time on appeal, plaintiff also contends the judge erred in dismissing his breach of contract claim because an AOM was not required to pursue such a claim. We reject these arguments.

We first address plaintiff's argument the judge erred in granting summary judgment and dismissing his amended complaint. We review a trial court's order granting summary judgment de novo and apply the same standard used by the trial court. Boyle v. Huff, 257 N.J. 468, 477 (2024). "In ruling on a summary judgment motion, a court does not 'weigh the evidence and determine the truth of the matter'; it only 'determine[s] whether there is a genuine issue for trial.'"

C.V. ex rel. C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305-06 (2023) (alteration in original) (quoting Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021)).

Summary judgment is proper if the record demonstrates "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Friedman v. Martinez, 242 N.J. 449, 471-72 (2020) (quoting R. 4:46-2(c)). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Id. at 472 (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). A court should grant summary judgment "[o]nly 'when the evidence is so one-sided that one party must prevail as a matter of law . . . .'" Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 257 (2018) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)) (internal quotation marks omitted).

We review a trial court's dismissal of a complaint based on the AOM statute de novo. Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022). The AOM statute requires a plaintiff alleging professional malpractice to:

> [W]ithin [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the

treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standard or treatment practices. The court may grant no more than one additional period, not to exceed [sixty] days, to file the affidavit pursuant to this section, upon a finding of good cause.

[N.J.S.A. 2A:53A-27.]

When a plaintiff asserts a claim against a licensed professional covered by the AOM statute, the plaintiff is required to "produce an affidavit from an expert attesting to the merits of the claim." Moschella v. Hackensack Meridian Jersey Shore Univ. Med. Ctr., 258 N.J. 110, 113 (2024) (quoting Meehan v. Antonellis, 226 N.J. 216, 230 (2016)). An AOM must be submitted within sixty days of the filing of the answer by the defendant, which may be extended for an additional sixty days. See N.J.S.A. 2A:53A-27; see also Wiggins v. Hackensack Meridian Health, 259 N.J. 562, 575 (2025) (explaining the requirements for obtaining an AOM).

The purpose of the AOM statute is to "weed out frivolous lawsuits early in the litigation" while ensuring that "meritorious claims [are heard] in court." Wiggins, 259 N.J. at 575 (quoting Ferreira, 178 N.J. at 150) (internal quotation marks omitted). "[S]ubmission of an appropriate [AOM] is considered an element of the claim." Meehan, 226 N.J. at 228 (citing Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 244 (1998)). If an affidavit is not provided within 120

days of the answer, the claims will generally be dismissed with prejudice. Paragon Contractors, 202 N.J. at 422 (citing Cornblatt, 153 N.J. at 247); see also Ferreira, 178 N.J. at 150 (holding a "plaintiff's failure to serve the affidavit within 120 days . . . is considered tantamount to the failure to state a cause of action").

Plaintiff seeks to avoid the AOM requirement by arguing his amended complaint is based on a breach of contract claim rather than a legal malpractice claim. Additionally, he argues his status as a self-represented litigant warrants relaxation of the AOM requirements. We are not persuaded.

The New Jersey Supreme Court created "an exception to [the AOM] requirement for cases in which the alleged conduct or failure to act, if accepted as true, would be readily recognizable, by a person of average intelligence, as a failure to exercise the appropriate standard of care." Cowley v. Virtua Health Sys., 242 N.J. 1, 8 (2020). However, this exception "is construed narrowly 'to avoid non-compliance with the statute.'" Id. at 18 (quoting Hubbard, 168 N.J. at 397). Whether a complaint is exempt from the AOM requirement is a legal determination subject to de novo review. Triarsi v. BSC Grp. Servs., LLC, 422 N.J. Super. 104, 113 (App. Div. 2011).

In rare and exceptional circumstances, "the 'jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and

experience, to determine a defendant's negligence without the benefit of specialized knowledge of experts." Cowley, 242 N.J. at 17 (citing Hubbard, 168 N.J. at 394). The common knowledge doctrine applied where the doctor pulled the wrong tooth, Hubbard, 168 N.J. at 396; where the patient died from an air embolism during a diagnostic hysteroscopy when someone accidently connected a gas line rather than a fluid line to the patient's uterus, Est. of Chin v. Saint Barnabas Med. Ctr., 160 N.J. 454, 460 (1999); and where the pharmacist filled a prescription with medications other than the drug prescribed, Bender v. Walgreen E. Co., 399 N.J. Super. 584, 588-89 (App. Div. 2008). Because these cases involved obvious errors and fell within the common knowledge exception, there was no need for expert testimony and, therefore, no need for an AOM.

Plaintiff's case is readily distinguishable from these cases applying the common knowledge doctrine. "'[C]ourts must look to the underlying factual allegations, and not how the claim is captioned in the complaint . . . . [I]t is the nature of the proof required that controls.'" Triarsi, 422 N.J. Super. at 114 (alteration in original) (quoting Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F. Supp. 2d 307, 315 (D.N.J. 2010)). Here, plaintiff's complaint and amended complaint are not limited to a breach of contract claim because he alleged defendants deviated from the accepted standard of legal care by failing

11

to communicate effectively, failing to investigate "critical evidence," and failing to abide by the attorney-client privilege.

We discern no error in the judge's determination that plaintiff's pleadings were grounded for professional negligence claims. The judge also properly found the allegations against defendants were beyond the common knowledge and understanding of a layperson and required expert testimony as to the standard of legal care. After reviewing plaintiff's pleadings, we are satisfied the judge correctly concluded this case required an AOM.

Plaintiff's status as a self-represented litigant does not constitute extraordinary circumstances warranting relaxation of the 120-day AOM filing requirement under N.J.S.A. 2A:53A-27. As we stated in Gonzales v. Ibrahim, 477 N.J. Super. 647, 658 (App. Div 2024), ignorance of the law or failure to seek legal advice does not constitute extraordinary circumstances.

Plaintiff argues his inability to access defendants' discovery documents and conduct legal research during his incarceration constituted extraordinary circumstances. We reject this argument for several reasons.

First, plaintiff never requested defendants physically serve the discovery materials to his prison address rather than send the materials electronically. Second, plaintiff never moved to extend the initial sixty-day time to file an AOM for an additional sixty days as allowed under the AOM statute. Case law permits

an extension of the 120-day deadline where there are equitable grounds to do so, and the movant cites extraordinary circumstances for noncompliance with the AOM statute. See A.T. v. Cohen, 231 N.J. 337, 350 (2017); Ferreira, 178 N.J. at 151. If plaintiff had submitted a certification identifying equitable grounds for extending the time for filing an AOM and cited extraordinary circumstances, such as his inability to access to defendant' discovery documents electronically or his lack of access to a law library during his time in prison, the judge might have been able to find good cause to accept plaintiff's February 3, 2025 AOM.

Nor do we agree that the failure to conduct a Ferreira conference justified enlargement of the time for plaintiff to file an AOM or warranted a dismissal of his pleadings without prejudice.

Due to the harsh consequences of failing to comply with the AOM statute, trial courts are required to conduct conferences within sixty days of service of an answer in all actions alleging malpractice. Ferreira, 178 N.J. at 154. At a Ferreira conference, if a plaintiff has not served an AOM, "the court will remind the parties of their obligations under [N.J.S.A. 2A:53A-27] and case law." Id. at 155.

In Ferreira, the Court created two exceptions to the harsh consequences of failing to file an AOM. First, "[a] complaint will not be dismissed if the plaintiff can show that he [or she] has substantially complied with the statute." Id. at

13

151. Second, "[w]here extraordinary circumstances are present, a late affidavit will result in dismissal without prejudice." Paragon Contractors, 202 N.J. at 422-23.

Our courts have recognized the AOM requirement "does not impose overly burdensome obligations. The plaintiff must keep an eye on the calendar and obtain and serve the expert's report within the statutory timeframe." Ferreira, 178 N.J. at 146. In the context of AOM obligations, "parties are presumed to know the law and are obliged to follow it." Triarsi, 422 N.J. Super. at 122 (quoting Paragon Contractors, 202 N.J. at 424).

The "failure to conduct an Ferreira conference alone does not constitute extraordinary circumstances to extend the AOM filing period." Gonzales, 477 N.J. Super. at 659 (citing A.T., 231 N.J. at 348). Unlike the facts in A.T., this case did not "significantly contribute[] to an almost perfect storm of injustice." A.T., 231 N.J. at 350. Here, in their Civil Case Information Statement, defendants indicated plaintiff's action was a professional negligence case and it was incumbent upon plaintiff to review that document.

Importantly, based on the case law, the failure to hold a Ferreira conference "will not serve to toll the statutory time frames." Paragon Contractors, 202 N.J. at 426. Here, plaintiff never moved to extend the time to file an AOM. Instead, plaintiff filed an untimely AOM, well after the 120-day

period, and did so only after defendants moved for summary judgment for failure to file an AOM. On these facts, we are satisfied plaintiff proffered insufficient reasons to deviate from the Court's holding in Paragon Contractors.

We next consider plaintiff's argument the judge erred in denying his motion for reconsideration. We reject this argument.

We review a trial court's decision on a motion for reconsideration for abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Reconsideration "is not appropriate merely because a litigant is dissatisfied with a prior ruling or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Reconsideration is limited to those cases "in which either 1) the [c]ourt has expressed its decision based on a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Having reviewed the record, we are satisfied the judge did not abuse his discretion in denying plaintiff's motion for reconsideration. Plaintiff failed to identify any evidence in the record that the judge failed to appreciate or case law the judge overlooked.

15

To the extent we have not specifically addressed any of plaintiff's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3582-24